F I L E D
CLERK OF COURT
2026 AUG -5 PM 3: 32
SUPERIOR COURT
OF GUAM



## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

    vs.

SCHA'KERRA MARIE BAKER SANTIAGO,
DOB: 04/11/1982

             Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0427-15**
GPD Report No. 15-14817

**DECISION & ORDER
RE. PEOPLE'S MOTION TO REVOKE
DEFENDANT'S PROBATION AND
IMPOSE JAIL SENTENCE**

This matter came before the Honorable Alberto E. Tolentino on May 19, 2026, for a Return of Warrant hearing. Defendant Scha'kerra Marie Baker Santiago ("Defendant") was present with counsel Public Defender Earl Espiritu. Assistant Attorney General Vernon Hosannah was present for the People of Guam ("People"). During the hearing, the court addressed the warrant it previously issued for the Defendant's arrest. Upon Probation Service Division's ("Probation") recommendation to revoke the Defendant's probation, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING** the People's Motion to Revoke the Defendant's Probation and Impose Jail Sentence.

\\

## BACKGROUND

Based on events that occurred on or about May 30, 2015, the Defendant was charged with the POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony). *See* Indictment (July 16, 2015).

### A. Defendant Santiago's Violations on Pre-Trial Release

While on pre-trial release, the Defendant received a total of nine (9) violations of the following conditions of her pre-trial release:

> **9. ALCOHOLD/DRUGS:** Defendant shall not possess, use, and/or consume any alcoholic beverages and/or illegal controlled substances. Defendant shall submit to random/weekly drug testing at the request of the Probation Office. Failure to submit to testing will be considered a violation. Probation or the Police authorized to search Defendant's residence, vehicle, or person for alcoholic beverages and/or illegal controlled substances. Defendant shall not enter any alcohol establishment.[1]

> **11. REPORTING:** Defendant shall report to the Probation Office in person.[2]

Order (Aug. 19, 2015). In regards to the Defendant's lack of reporting, it is noteworthy that the court issued # warrants for her arrest while on pre-trial release. *See* Bench Warrant (July 13, 2016); *see also* Bench Warrant (Nov. 7, 2016). On July 17, 2017, the court deferred acceptance of the Defendant's guilty plea for two (2) years as to POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony). *See* Order After Hr'g (Sep. 20, 2017). The court subsequently placed the Defendant under Probation Services Division's ("Probation") supervision for two (2) years to complete her probationary conditions. *Id.*

\\

\\

---

[1] *See* 1st Violation Report (Sep. 25, 2015); *see also* 2nd Violation Report (Oct. 28, 2015); *see also* 9th Violation Report (June 20, 2017).

[2] *See* 3rd Violation Report (Nov. 6, 2015); *see also* 4th Violation Report (Dec. 4, 2015); *see also* 5th Violation Report (Jan. 21, 2016); *see also* 6th Violation Report (Mar. 24, 2016); *see also* 7th Violation Report (July 7, 2016); *see also* 8th Violation Report (Nov. 3, 2016).

## B. Defendant Santiago's Violations under Probation's Supervision

During her time under Probation's supervision, the Defendant received a total of thirteen (13) violations of the following conditions:

Defendant shall pay a fine in the amount of five thousand dollars ($5,000), plus court costs, to be paid to the Drug Treatment and Enforcement Fund, pursuant to 9 GCA § §67.401.12 and 80.31.1, and shall be paid monthly over the probation period.[3]

Defendant shall attend two (2) recovery support group meetings per week, for twelve (12) weeks after the taking of her plea, for a total of twenty-four (24) meetings, or as otherwise ordered by the Court.[4]

Defendant shall attend and successfully complete any drug and/or alcohol counseling program recommended by the Court after assessment at the Guam Behavioral Health and Wellness Center at no cost to the Defendant.[5]

Defendant shall report to the Probation Office three times per week or as ordered by the Court, and at those times will take a drug test if requested. Failure to take the drug tests, if requested, will be considered a violation of probation.[6]

Defendant shall perform one hundred fifty (150) hours of community service work under the direction of the Alternative Sentencing Office.[7]

Defendant shall obey all the laws of Guam.[8]

Order After Hr'g at 2–5. Prior to the Defendant's twelfth violation, the People filed its Motion to Revoke the Defendant's Probation and Impose Jail Sentence ("Motion to Revoke"). Upon

---

[3] *See* Violation Report (Sep. 18, 2017); *see also* 2nd Violation Report (June 22, 2018); *see also* 3rd Violation Report (Nov. 8, 2018); *see also* 6th Violation Report (Oct. 29, 2019); *see also* 8th Violation Report (Aug. 21, 2021); *see also* 10th Violation Report (Oct. 9, 2024); *see also* 13th Violation Report (July 14, 2026).

[4] *See* Violation Report (Sep. 18, 2017).

[5] *See* Violation Report (Sep. 18, 2017); *see also* 2nd Violation Report (June 22, 2018); *see also* 3rd Violation Report (Nov. 8, 2018); *see also* 6th Violation Report (Oct. 29, 2019); *see also* 8th Violation Report (Aug. 21, 2021); *see also* 10th Violation Report (Oct. 9, 2024); *see also* 13th Violation Report (July 14, 2026).

[6] *See* Violation Report (Sep. 18, 2017); *see also* 2nd Violation Report (June 22, 2018); *see also* 3rd Violation Report (Nov. 8, 2018); *see also* 4th Violation Report (Nov. 26, 2018); *see also* 5th Violation Report (Jan. 8, 2019); *see also* 6th Violation Report (Oct. 29, 2019); *see also* 7th Violation Report (Jan. 7, 2020); *see also* 8th Violation Report (Aug. 21, 2021); *see also* 9th Violation Report (Sep. 28, 2022); *see also* 10th Violation Report (Oct. 9, 2024); *see also* 12th Violation Report (Apr. 24, 2026).

[7] *See* Violation Report (Sep. 18, 2017); *see also* 2nd Violation Report (June 22, 2018); *see also* 3rd Violation Report (Nov. 8, 2018); *see also* 6th Violation Report (Oct. 29, 2019); *see also* 8th Violation Report (Aug. 21, 2021); *see also* 10th Violation Report (Oct. 9, 2024).

[8] *See* 11th Violation Report (Oct. 21, 2025).

filing the Opposition to the Motion to Revoke, the court issued a warrant for the Defendant's arrest on May 5, 2026. After the warrant's return on May 11, 2026, the court addressed the Motion to Revoke, which it previously held in abeyance on January 8, 2026. *See* Return of Warrant Hr'g Mins. at 3:41:27PM (May 19, 2026); *see also* Revocation Hr'g Mins. at 2:58:17PM (Jan. 8, 2026). Ultimately, the court took the matter under advisement.

## DISCUSSION

If the court finds that a defendant has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order," it may revoke probation and sentence or resentence the offender. 9 GCA § 80.66(a)(2). If a court chooses to revoke probation, the court may sentence the defendant to any sentence that it may have originally imposed. 9 GCA § 80.66(b). However, it shall not revoke probation for a defendant's violation of a condition unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances. 9 GCA § 80.66(a)(2).

The Supreme Court of Guam held that "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26 (quoting *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)). To revoke a defendant's probation, the court must make two determinations. First, the court must "make a factual determination that a violation of a condition of probation has actually occurred." *Camacho*, 2009 Guam 6 ¶ 27 (quoting *Parker*, 676 N.E.2d 1083 at 1085). If the violation is proven, then the court must "determine if the violation warrants revocation of probation." *Id.*

### A. Defendant Santiago violated the conditions of her probation.

The standard for determining whether a probationer violated a condition of probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the

probationer's conduct has not been as required by the conditions of probation." *Camacho*, 2009 Guam 6 ¶ 30 (quoting *People v. Angoco*, 1998 Guam 10 ¶ 7). When facing revocation, "the defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.* (quoting *State v. Peters*, 609 A.2d 40, 43 (N.J. 1992)).

During Probation's supervision of the Defendant, she accumulated nine (9) violations on pre-trial release and thirteen (13) after the court entered her guilty plea. It is noteworthy that the thirteenth violation was filed while the court had already committed the Defendant to the custody of the Department of Corrections ("DOC"), and will not be considered in the court's determination of revocation. Aside from the Defendant's thirteenth violation, the court can factually determine that her violations actually occurred after reviewing the court's record of events. For instance, her several failures to report to Probation or appear at a court-ordered hearing are supported by eight (8) warrants issued for her arrest.[9] As seen in the court's review of her violations above, the Defendant her either justified the violations in open court or admitted to them through her written declaration.[10]

Based on the violation reports, Probation's testimony at the Revocation Hearing, and the parties' arguments, the court finds that the Defendant has violated multiple conditions of her probation on several occasions.

## B. Defendant Santiago's violations warrant revocation of probation.

With regard to probation revocation, the Supreme Court of the United States has noted that "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means . . . [T]he state is not powerless to enforce judgments against

_____

[9] *See* Bench Warrant (July 13, 2017); *see also* Bench Warrant (Nov. 7, 2016); *see also* Bench Warrant (Jan. 24, 2019); *see also* Bench Warrant (Jan. 8, 2020); *see also* Bench Warrant (Nov. 1, 2021); *see also* Warrant of Arrest (Oct. 12, 2022); *see also* Bench Warrant (Nov. 22, 2024); *see also* Warrant of Arrest (May 5, 2026).

[10] *See* 1st Violation Report (Sep. 25, 2015); *see also* 2nd Violation Report (Oct. 28, 2015); *see also* 9th Violation Report (June 20, 2017).

those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (internal citations and quotations omitted).

As mentioned earlier, the court may revoke probation if it finds that the probationer has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order." 9 GCA § 80.66(a)(2). In other words, a probationer's violation of probation warrants revocation when the violation upsets the intent of the probation conditions. In *Camacho*, the Supreme Court of Guam held that the probationer's failure to report for drug testing was serious enough to warrant revocation when considering the condition being violated was treatment. *Camacho*, 2009 Guam 6 ¶ 32. Despite not paying the fine as required under probation, the Supreme Court of Guam reasoned that failure to pay a fine alone was not as serious as not reporting for drug tests, because the defendant was convicted of drug-related offenses and had drug testing listed as a condition of probation to ensure the defendant remained sober. *Id.*

Unlike the probationer in *Camacho*, the Defendant's pending conditions include treatment with Guam Behavioral Health and Wellness Center, fines and court costs, and community service hours. *See* Return of Warrant Hr'g Mins. at 3:41:27 – 53:52PM (May 19, 2026). During the Revocation Hearing, the People argued that revocation is appropriate due to the Defendant's noncompliance with conditions. *Id.* In requesting for the court to hold off on revocation in light of the court's acceptance of her guilty plea in her other matter, the Defendant reasoned that her inability to complete treatment was based on familial issues and an ongoing struggle with addiction. *Id.*

The substantial requirement imposed as a condition in *this* case was the Defendant's completion of treatment. When imposing treatment as a probationary condition, the purpose of doing so is to achieve sustained sobriety for a defendant. As stated by Probation, the Defendant did complete attendance of twenty-four self-help meetings pursuant to her Plea Agreement. *See* Return of Warrant Hr'g Mins. at 3:41:27 – 53:52PM (May 19, 2026). However, the court gave the Defendant multiple opportunities to complete *all* treatment before considering revocation, such as releasing the Defendant from confinement. At the last Revocation Hearing, the court held the Defendant's revocation in abeyance before it issued another warrant of arrest approximately four (4) months later. *See* Revocation Hr'g Mins. at 2:58:17PM (Jan. 8, 2026).

Unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances, the court shall not revoke probation for violating a probationary condition. 9 GCA § 80.66(a)(2). Rather than revoke her probation, the Defendant seeks one more opportunity to complete treatment before revocation. *See* Return of Warrant Hr'g Mins. at 3:41:27 – 53:52PM (May 19, 2026). While the Defendant desires to complete treatment outside of DOC, the Defendant's pattern of release followed by a warrant concerns the court of her ability to complete treatment after being ordered to do so since 2017.

Because the Defendant has inexcusably failed to comply with treatment as a substantial condition of her probation, the court finds that revocation of the Defendant's probation will best satisfy the ends of justice and the best interests of the public. Therefore, the court grants the People's Motion to Revoke the Defendant's Probation and Impose Jail Sentence.

\\

\\

\\

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence, and **REVOKES** the Defendant's probation in the above-captioned matters. The court shall issue its Judgment revoking the Defendant's probation and imposing a sentence.

**SO ORDERED,** _____AUG 0 5 2026_____.

_____

**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

___AG, PDSC___

Date: 8/5/26 Time: 3:55pm

Antonio A Cruz
Deputy Clerk, Superior Court of Guam